IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELWIN D. RODGERS, ) | |
| ) | |
| Plaintiff, ) | Civil No. 06-6169-JO |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| COMMISSIONER, SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

Brent Wells
Kathryn Tassinari
HARDER WELLS BARON & MANNING, PC
474 Willamette Street, Suite 200
Eugene, OR  97401

   Attorneys for Plaintiff

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Stephanie R. Martz
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075

   Attorneys for Defendant

JONES, Judge:

Claimant Elwin D. Rodgers seeks judicial review of a final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 1381-1383f.  Currently before the court is defendant's motion to remand (#17).  The parties agree that the case should be reversed and remanded; the only issue for the court to decide is whether the case should be remanded for further administrative proceedings or for a finding that claimant is disabled and therefore entitled to an immediate award of benefits.

This court has jurisdiction to resolve the issue pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, I conclude that the case must be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[1]  Accordingly, defendant's motion is granted.

## ADMINISTRATIVE HISTORY

Claimant first filed an application for SSI on September 12, 2000.  Tr. 21.  The application was denied, and a hearing was held October 22, 2002, before an administrative law

---

[1] A "sentence four" remand is a final judgment, so that the district court relinquishes jurisdiction over the case.  See Forney v. Apfel, 524 U.S. 266, 269 (1998) (citations omitted) (holding that judgment following a "sentence four" remand is final and appealable).

2 - OPINION AND ORDER

judge ("ALJ"). Tr. 21. On December 9, 2002, the ALJ issued a decision denying the claim because, although claimant could not perform past relevant work, he retained the ability to perform other light work in the national economy. Tr. 25-26. Claimant did not appeal this 2002 decision. Instead, claimant re-filed an application for SSI on November 10, 2003, alleging disability since November 10, 2003, due to carpel tunnel syndrome, degenerative disc disease of the cervical lumbar spine, hepatitis C, chronic obstructive pulmonary disease, and shoulder impingement.[2] This 2003 application was denied initially and on reconsideration. Tr. 36, 47. Claimant requested a hearing, which was held on January 23, 2006. Tr. 50. Claimant, represented by counsel, appeared and testified, as did a vocational expert ("VE"). Tr. 239. On February 22, 2006, the ALJ issued a decision denying claimant's application. Tr. 17. The ALJ's decision became the final decision of the Commissioner on May 19, 2006, when the Appeals Council declined review. Tr. 4. I note that the only application at issue in this case is claimant's 2003 application for SSI benefits.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's

---

[2] Claimant originally claimed disability since January 1, 1995, but amended the date to November 10, 2003, at the administrative hearing held on January 23, 2006. Tr. 244.

3 - OPINION AND ORDER

decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ, per Social Security Acquiescence Ruling ("AR") 97-4(9), (1997 WL 742758 (S.S.A.)), applied a presumption of continuing non-disability from the December 9, 2002, decision. Tr. 12-13. In so doing, the ALJ found that claimant's alleged increase in symptom severity did not meet the "changed circumstance" criteria necessary to rebut the presumption. Tr. 13.

In making this determination, the ALJ employed a five-step sequential evaluation process, as required. See 20 C.F.R. § 416.920. The ALJ first determined that claimant had not engaged in any substantial gainful activity since November 10, 2003, the alleged onset date of his disability. Tr. 14. Second, the ALJ found that claimant did not have any new severe impairments beyond those identified in the 2002 decision. Tr. 15. Third, the ALJ found that the claimant's impairments, both singly and in combination, did not meet or equal the criteria of any disorder in the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16.

Next, the ALJ found that the claimant's residual functional capacity ("RFC") was as follows:

> He can sit for six hours in an eight-hour workday and can stand and/or walk for six hours in an eight-hour workday. He can occasionally climb ladders, ropes, and scaffolds and can occasionally stoop and crawl. He should avoid moderate exposure to hazards as a result of the side effects of his medications.

Tr. 15. In making the RFC determination, the ALJ dismissed the opinion of a treating physician, Dr. Timothy Zuk, because he found that the opinion was conclusory and not supported by

medically acceptable clinical and laboratory diagnostic techniques. Tr. 14. The ALJ also dismissed Dr. Zuk's opinion on the basis that it ignored the opinion of a treating rehabilitation physician, Dr. Blake, whose finding of "no disability" was noted in Dr. Zuk's records. Tr. 14. Further, the ALJ found that claimant's representations concerning his work limitations during the relevant period were not entirely credible. Tr. 14. Specifically, the ALJ found that claimant's pain complaints were not substantiated by objective medical findings, that the record indicated evidence of "significant functional overlay," and that the claimant had not pursued vocational rehabilitation, meaningful physical therapy, or work since 1996. Tr. 15.

The ALJ, based on the testimony of a VE, found that claimant could not perform any past relevant work. Tr. 15. The VE testified that according to claimant's age, education, work experience, and RFC, he retained the ability to do other work in the national economy such as a motel worker, small parts assembly, and marker. Tr. 15-16.

## STATEMENT OF FACTS

The parties are familiar with the medical and other evidence of record; therefore, I will not restate the facts except as necessary to explain my decision.

## DISCUSSION

The Commissioner concedes that the ALJ erred in applying the presumption of continuing non-disability because claimant had changed age categories since the 2002 decision. A change in age category rebuts the presumption of non-disability. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). Accordingly, the parties agree this case should be remanded, but disagree as to the appropriate remedy. The Commissioner urges the court to remand for further proceedings, contending that there are unresolved issues in the medical record and that the

record does not compel a finding of disability. Claimant contends that the case must be remanded for an immediate award of benefits.

The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, "the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Id.

More specifically, the court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Id. Ultimately, however, it is within this court's discretion to decide whether to remand for further proceedings or for an immediate award of benefits. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).

Although claimant has rebutted the presumption of non-disability as to his age category, unless claimant can also show a changed circumstance relating to his RFC, such as increased severity, this court, like the ALJ, must give effect to the claimant's RFC as determined in the prior final decision. AR 97-4(9), 1997 WL 742758 (S.S.A.). The ALJ, after repeating the five-step sequential evaluation in 2003, determined that there was no increased severity in claimant's condition. Claimant challenges this finding. Based on my review of the record, I conclude that

the ALJ did not properly evaluate the medical evidence in the record and, as a result, did not appropriately evaluate claimant's credibility when determining whether the severity of his symptoms increased following the 2002 decision. Accordingly, I am remanding this case for further proceedings so that the errors conceded by the Commissioner can be corrected, and the disability determination can be reconsidered with reference to this opinion. See Def.'s Mem. in Support of Remand (#18) at 3 (discussing tasks for ALJ to complete on remand).

I.      Medical Evidence

The ALJ did not give controlling weight to the opinion of Dr. Zuk, the treating physician, because he determined that Dr. Zuk: (1) ignored the opinion of Dr. Blake; (2) did not base his opinions on medically acceptable clinical and laboratory diagnostic techniques; (3) gave no objective evidence for specific functional limitations; and (4) was unqualified to find that claimant was capable of only sedentary work. Tr. 14. Claimant challenges these findings.

An uncontradicted treating physician's medical opinion may be rejected "only for 'clear and convincing' reasons supported by substantial evidence in the record." Holohan v. Massanari, 246 F.3d 1195, 1202 (2001) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); 20 C.F.R. § 416.927(d)(2).

The Commissioner concedes, in general terms, that the ALJ erred by relying on the opinion of Dr. Blake, whose records were not in evidence. However, the Commissioner does not agree that this error necessarily results in a finding of disability. The Commissioner contends that because the reference to Dr. Blake's non-disability finding appeared in Dr. Zuk's notes after Dr. Zuk found that the claimant was capable of only sedentary work, Dr. Blake's treatment records should be obtained and Dr. Zuk's opinion reassessed. Further, the Commissioner does

not admit that the error resulted in an improper rejection of Dr. Zuk's opinion. Rather, the Commissioner argues that the ALJ properly rejected Dr. Zuk's opinion because the purported functional limitations are not supported by medically acceptable clinical and laboratory diagnostic techniques, because Dr. Zuk gave no objective evidence for specific functional limitations, and because his opinion was not based on an understanding of the disability requirements. I disagree.

Dr. Zuk relied on x-rays and physical exams, both of which are acceptable clinical and laboratory diagnostic techniques. These tests revealed degenerative arthritis in the C-spine and thoracic-lumbar spine. Tr. 189. The cases cited by the Commissioner as support for his contentions are distinguishable; in this case, the administrative record contains substantial treatment notes that support Dr. Zuk's findings.[3] See, e.g., Tr. 164, 215, 216, 219-28. I note that the 2002 record included a treating physician's opinion that claimant was not disabled. Tr. 147. However, since then, claimant visited the emergency room three times (Tr. 232-38), was diagnosed with a shoulder impingement (Tr. 185), and suffered a documented exacerbation of symptoms after moving, lifting, and bending. Tr. 216-17. In addition, Dr. Zuk confirmed that claimant's condition is capable of causing his symptoms, had claimant periodically drug tested,

---

[3] Batson v. Barnhart, 359 F.3d 1190, 1195 (9th Cir. 2004) (physician opinions not supported by objective evidence and contradicted by other evidence), and Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (check-off reports unsupported by substantial evidence).

had claimant psychologically evaluated, and had claimant sign a "pain contract."[4]  Tr. 183, 186, 191, 212.

Dr. Zuk's opinion was not clearly contradicted by another source because Dr. Blake's opinion--that the claimant was not disabled and had "significant functional overlay"--appears only in Dr. Zuk's notes and is not otherwise in evidence.  Tr. 225.  The ALJ has a duty to fully and fairly develop the record even when the claimant is represented by counsel.  Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).  The ALJ should have obtained Dr. Blake's treatment records before relying on them to reject Dr. Zuk's opinion.  Because I do not have Dr. Blake's records before me, I do not know whether his opinion is properly supported by medical evidence that contradicts Dr. Zuk's conclusions.  Therefore, neither the ALJ nor this court can determine what weight should appropriately be given to Dr. Zuk's opinion.

Further, Dr. Zuk's assessment that claimant could only engage in sedentary work was appropriately informed because his medical opinion relied on a description of sedentary and light work that accurately approximated the definitions found in 20 C.F.R. § 416.967.  Tr. 212.  Medical source statements are acceptable evidence as to what an individual can do despite an impairment.  20 C.F.R. § 416.927(a)(2).  A physician's opinion on the ultimate issue of disability can only be rejected for clear and convincing reasons.  Lester, 81 F.3d at 830.  The ALJ did not reject Dr. Zuk's determination for clear and convincing reasons given that Dr. Zuk was a treating physician whose opinion was uncontradicted, that his opinion was based on medically acceptable

---

[4]A "pain contract" is an agreement between the doctor and the patient that the patient will "not receive any more medication regardless of the circumstances, unless it is agreed to in advance.  If [the patient] take[s] [the] medication[] at a rate higher than prescribed, [the patient] will run out.  That will not result in [the doctor] giving [the patient] more medication."  Hayes v. Smith, No. CV04-620-S-EJL, 2006 WL 1663587, at *3 (D. Idaho June 8, 2006) (unpublished).

9 - OPINION AND ORDER

clinical and laboratory diagnostic techniques, and that his conclusion was supported by the record. Accordingly, a remand is appropriate so the record can be fully developed with respect to the potentially contradictory opinion of Dr. Blake.

II.     Claimant's Credibility

The failure to develop the record has also infected the ALJ's credibility determination with respect to claimant's testimony. The Commissioner does not admit error with respect to the ALJ's credibility determination, but concedes that the claimant's credibility should be reassessed after obtaining Dr. Blake's treatment records.

If there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for dismissing a claimant's testimony. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). There is no affirmative evidence that any physician in the 2003 application suspected the claimant to be a malingerer, nor did the ALJ's decision cite to any affirmative evidence that claimant was malingering. Rather, the ALJ, in part, used Dr. Zuk's reference to Dr. Blake's opinion of "functional overlay" to find the claimant only partially credible. Tr. 15. For the reasons discussed above with respect to the ALJ's evaluation of claimant's medical evidence, the ALJ also erred by relying on records that were not in evidence when he evaluated claimant's credibility.

Accordingly, a remand for further proceedings is appropriate because I conclude that outstanding issues remain to be resolved, and it is not clear that, if the record was fully developed, the claimant would be found to be disabled. Given that claimant's RFC was incorrectly determined, upon remand the ALJ will necessarily have to reconsider steps two, three, and five of the sequential evaluation.

10 - OPINION AND ORDER

CONCLUSION

For the reasons stated above, defendant's motion for remand (#17) is GRANTED; this case is REMANDED pursuant to of 42 U.S.C. § 405(g) (sentence four) for further proceedings consistent with this opinion.

DATED this 1st day of August, 2007.

        /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge